IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTTY MACCLYMONDS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2595 |
| | § | |
| IMI INVESTMENTS, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

This lawsuit was filed on July 27, 2005, seeking removal of architectural barriers found in two restaurants owned by the Defendants pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134.

On April 5, 2007, the court issued a Memorandum and Recommendation recommending that Plaintiff's motion for summary judgment be denied and that Defendants' motion for summary judgment be granted. On April 16, 2007, Plaintiff filed the pending motion, seeking to voluntarily dismiss this action without prejudice. Defendants oppose the dismissal of this action without prejudice, arguing that they will suffer legal prejudice if the motion is granted. Defendants are not opposed to a dismissal with prejudice.

Although generally a motion to voluntarily dismiss a lawsuit should be favorably received by the court, the Fifth Circuit has noted that such a motion may be denied if dismissal will cause the non-movant to suffer plain legal prejudice. <u>Elbaor v. Tripath Imaging, Inc.</u>, 279 F.3d 314, 317 (5th Cir. 2002). In assessing prejudice, the court may consider how far the litigation has progressed prior to the filing of the motion. <u>Hartford Accident & Indemnity Co. v. Costa Lines Cargo Servs., Inc.</u>, 903 F.2d 352 (5th Cir. 1990). In <u>Hartford Acc. & Indem. Co.</u>, the court found no abuse of discretion

when the trial court refused to grant the plaintiff's motion to dismiss because the action had been pending for ten months, had been actively litigated, the defendants had expended considerable resources litigating the case, and one defendant had obtained a favorable summary judgment ruling. Hartford Acc. & Indem. Co., 903 F.2d at 361.

In the present case, Defendants have expended considerable sums in attorney's fees, mediation fees, expert fees and costs. Defendants have responded to discovery requests and participated in several hearings before the court. Plaintiff moved to dismiss the case only after the magistrate judge refused to allow Plaintiff leave to late-designate his expert witness and issued a memorandum and recommendation that was adverse to his position. Most notably, if this motion is not granted, Plaintiff has sought leave to file his objections to the Memorandum and Recommendation, a clear indication that he does not intend to abandon this litigation.

In light of the foregoing, Plaintiff's Motion for Voluntary Dismissal is **DENIED**. The parties' objections to the Memorandum and Recommendation are due within ten days of receipt of this Order.

Signed at Houston, Texas on May 2, 2007.

_____
Gray H. Miller
United States District Judge